THE OCEAN CITY LAND COMPANY, a corporation, &c.,

*v.*

SARAH C. WEBER.

[Submitted June 26th, 1914. Determined July 16th, 1914.]

1. A restrictive building covenant declaring that no building of any description shall at any time be erected within ten feet of the street line on which the property fronted was broken by the construction of elevated porches inclosed below in a manner to provide basements supplied with windows and doors, and also by the main bodies of approximately half the buildings on the street being extended over the porch roofs in a manner to afford bay windows or rooms within the restricted space.

2. A covenantee may not enforce in equity a restrictive building covenant prohibiting erections within ten feet of a street, forming part of a general scheme for the development of a tract of urban property after he has failed to exercise the right for a considerable time, and

many buildings have been erected contrary to the provisions of the covenant in the vicinity of the property; the covenantee's remedy then being limited to an action at law.

On final hearing on bill to enjoin violation of restrictive building covenant.

*Mr. Charles C. Babcock,* for the complainant.

*Messrs. Bourgeois & Coulomb,* for the defendant.

LEAMING, V. C.

I am convinced that complainant's right to the form of relief here sought cannot be said to be established with that degree of certainty which is necessary in cases of this class. *Fortesque* v. *Carroll, 76 N. J. Eq. 583; Meaney* v. *Stork, 80 N. J. Eq. 60; Goater* v. *Ely, 80 N. J. Eq. 40.*

1. The language of the restrictive building covenant which complainant seeks to enforce if not of doubtful meaning is at least calculated to mislead. The reference in the covenant to "said avenue," following a description of lots at the corner of a block which specifically refers to "Corinthian Avenue" and "Fourth Street" as two of its boundaries, clearly suggests Corinthian avenue and carries with it the idea that the four feet restriction relates to Fourth street, whereas a careful examination of the exception which is contained within brackets and relates to the ownership of two or more contiguous lots may justify the conclusion that the "said avenue" first referred to is Fourth street. That construction of the covenant would apply the ten feet restriction to Fourth street and the four feet restriction to Corinthian avenue. If the popular construction be resorted to as evidenced by the locations of buildings which have been heretofore erected on corner lots the ten feet restriction would appear to relate to both highways.

2. The evidence discloses that on Fourth street covered porches of buildings heretofore erected uniformly disregard the ten feet restriction. The language of the covenant is "that no building, of any description whatever, shall at any time be erected within

ten feet of the front line of said avenue." Whether the language above quoted includes covered porches as a part of a building may be said to be within the field of doubt (*Meaney* v. *Stork, 80 N. J. Eq. 60, 66, 67; Ogontz Land Co.* v. *Johnson, 168 Pa. 178; Reardon* v. *Murphy* (*Mass.*), *40 N. E. Rep. 854; Supplee* v. *Cohen, 80 N. J. Eq. 83; affirmed, 81 N. J. Eq. 500*), and any uncertainty of meaning of the covenant in that respect further contributes to render its enforcement impossible in this court. *Sutcliffe* v. *Eisele, 62 N. J. Eq. 222, 224.* But the evidence further discloses that some of these porches are elevated and enclosed underneath in a manner to provide basements supplied with windows and doors and that these rooms are used as basements, and also that the main bodies of approximately one-half of the buildings on Fourth street are extended over the porch roofs in a manner to afford bay windows or rooms within the restricted ten feet space.

These latter features are clearly in violation of the provisions of a covenant that no building of any description whatever shall be erected within ten feet of the street line. *Bagnall* v. *Davies, 140 Mass. 76; Supplee* v. *Cohen, supra.*

The right of the covenantee to specifically enforce a restrictive building covenant of this nature which forms a part of a general scheme for the development of the tract, cannot be exercised by such covenantee after his failure to exercise the right has resulted in the erection of so many buildings contrary to the provisions of the covenant in the vicinity of the property in question that the enforcement of the covenant in accordance with its terms may be appropriately said to have been abandoned in that locality. Covenants of this nature in the contemplation of the remedial jurisdiction of this court are to preserve the specific plan defined in the covenant, and not a plan which differs from that defined in the covenant whether that difference has arisen by popular construction of the covenant or by common consent; and when the covenantee has permitted the specific plan to be materially violated by the erection of many buildings in the locality in question which are clearly erected contrary to the terms of the covenant, this court cannot equitably enforce the covenant at the instance of such covenantee against a subsequent violation.

The covenantee's remedy in such cases must be sought in a court of law. *Ocean City Association* v. *Schurch, 57 N. J. Eq. 268, 271; Ocean City Association* v. *Headley, 62 N. J. Eq. 322, 334; Ocean City Association* v. *Chalfant, 65 N. J. Eq. 156, 157; Woodbine Land and Improvement Co.* v. *Riener, 72 N. J. Eq. 787, 789.* This view in no way conflicts with the principle that permissive violation through an erroneous construction of the covenant will not afford evidence of an abandonment.

I am obliged to advise an order denying the relief sought by complainant and dismissing the bill.