LOUIS GROBARCHIK, PLAINTIFF-RESPONDENT, v. NASA MORTGAGE AND INVESTMENT COMPANY, DEFEND-ANT-APPELLANT.

Submitted January 31, 1936—Decided July 21, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Stanley F. Kaczmarek.*

For the respondent, *Matthew F. Melko.*

The opinion of the court was delivered by

HEHER, J. This is an action by the contractor to recover the balance claimed to be due under a contract providing for the making of improvements and repairs to a building owned by defendant. Asserting that the work was not done "in a good, workmanlike and substantial manner," and was not completed to its "satisfaction," as provided in the contract, the latter counter-claimed for the alleged consequent damage.

The District Court judge, sitting without a jury, found, on conflicting evidence, that "the alleged dissatisfaction of the defendant is arbitrary and is not in good faith;" and that "the work in question was done by the plaintiff in good workmanlike manner."

These findings of fact, which under the circumstances are not subject to review here, dispose of all the questions of law raised by appellant. It is the rule that, to escape liability, the owner must act honestly and in good faith; his dissatisfaction must be actual and not feigned. And where good faith is in issue, and the evidence is conflicting, a jury question is presented. *Williams* v. *Hirshorn,* 91 *N. J. L.* 419; 103 *Atl. Rep.* 23. Credible evidence of the full performance of a contract for the doing of work of this character, in strict accordance with its terms, justifies an inference that the owner's rejection of the work was arbitrary, and in bad faith, to escape liability for the contract price. Unreasonable dissatisfaction with the work done does not, however, afford the basis for a conclusive inference of bad faith. The honesty of the judgment, or the genuineness of the expressed dissatisfaction, is a mental state not capable of direct, precise proof, but is a matter of factual inference from all the proved facts and circumstances, particularly the acts and conduct of the one whose state of mind is the subject of inquiry. The defendant owner did not bargain for an artistic or aesthetic excellence that in essence is a matter of personal taste, indefinable or unconceived at the time of the making of the contract—a thing, however indefinite, upon which liability is conditioned. In such a case, the standard of reasonableness, *i. e.,* what would satisfy a reasonable man, would not test the *bona fides* of the expressed dissatisfaction. But even though the particular contract be construed as calling for actual satisfaction, as distinguished from reasonable satisfaction, the expression of dissatisfaction must be characterized by good faith. Compare *Gerisch* v. *Herold,* 82 *N. J. L.* 605; *Gwynne* v. *Hitchner & Yerkes,* 66 *Id.* 97. See, also, *Williston on Contracts,* § 44; *Contracts A. L. I.,* § 265. And, in the resolution of this question, the demeanor on the witness

stand of the party who exercises the judgment is also an important factor.

It suffices to add that the state of the case settled by the judge does not exhibit a finding that the work was in any respect defective. He merely pointed out the failure of the owner "to replace" the alleged defective work as a relevant rather than a conclusive circumstance.

Judgment affirmed, with costs.