RICHARD TAYLOR AND RUTH TAYLOR, SAMUEL LEVINE AND ETTA LEVINE, RALPH F. CLARK AND FREDA D. CLARK, GEORGE F. VOGT AND FRANCES G. VOGT, AND MURRY MEISEL AND EVA MEISEL, AND SIDNEY FRIEDMAN AND ESTELLE FRIEDMAN, PROSECUTORS, v. THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, FRED INGANNAMORT, INGANNAMORT HOMES, INC., SUBURBAN GARDEN APARTMENTS, INC., AND SUBURBAN TERRACE APARTMENTS, INC., RESPONDENTS.

Submitted January 20, 1948—Decided May 10, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Herman Greenstone* (*David Cohn,* of counsel).

For the respondent the City of Hackensack, *Chandless, Weller, Kramer & Frank* (*Ernest Weller,* of counsel).

For the other respondents, *George I. Marcus* (*John J. Breslin, Jr.,* of counsel).

The opinion of the court was delivered by

EASTWOOD, J.   The writ allowed herein challenges the validity of an amendment to a zoning ordinance adopted by the City of Hackensack on June 2d, 1947, whereby the depth

of the apartment house zone along a public street known as the Esplanade was increased from 150 feet to approximately 350 feet; and further seeks to have declared void the modification of certain building restrictions by the city embodied in a contract entered into between the city and the respondent Fred Ingannamort under date of April 14th, 1945, by the adoption of a resolution on July 7th, 1947. The restrictions in the contract of April 14th, 1945, limited construction on the lands to single-family dwellings. As modified by the resolution of July 7th, 1947, Ingannamort was permitted to construct what are known as garden apartments, which may be styled as multiple-family dwellings. Prosecutors are the owners of single dwellings on the tract of land in question, the same having been constructed in accordance with restrictions in their deeds permitting that type of construction only and further providing a fixed minimum amount for the cost of construction. It does not seem to be disputed that the single-family dwellings restriction was applicable to the lands in question; that the city sold said lands at public sale to respondent Fred Ingannamort at which sale the single-family dwelling restriction and other restrictions were publicly announced as part of the conditions of sale, and that at the time of sale the lands were within the zoning restriction permitting only single-family dwellings. It is urged by the prosecutors that, if it had been made known that the restrictions were later to be abandoned and apartments permitted to be constructed, it is probable that there would have been other bidders who might conceivably bid even a larger sum than that bid by the successful bidder, the respondent Ingannamort. Prosecutors also allege that the action of the governing body of the City of Hackensack was prompted by some ulterior motive in modifying Ingannamort's contract and the adoption of the amendment of the zoning ordinance. These allegations are, of course, denied by the respondents who in turn claim that the action of the City of Hackensack was entirely proper and for the best interests of the municipality; that the building restrictions were properly relaxed; that the modification of Ingannamort's contract to permit the construction of garden apartments was in the interest of the public wel-

fare; and that in any event the prosecutors are in laches, in not diligently seeking to challenge the action of the city in adopting the zoning amendment and the resolution modifying Ingannamort's contract until November 12th, 1947, the date of the *allocatur*.

Prosecutors advance three grounds in support of their contention that the action of the City of Hackensack, under review here, is illegal and should be set aside, viz.: (1) the resolution of July 7th, 1947, is an illegal action, contrary to the statute and deprives prosecutors of vested rights and impairs contractual obligations; (2) the resolution of July 7th, 1947, is illegal, in that it created special rights and privileges to the respondent Fred Ingannamort, contrary to public advertisement and public sale and contravenes the statute; and (3) the City of Hackensack was without authority to change the contract between it and respondent Ingannamort by adoption of the resolution and/or amendment to the zoning ordinance.

It will be noted that, in point of time, the first municipal action sought to be reviewed is the amendment of the zoning ordinance of June 2d, 1947. It is well established by the decisions of our court that the governing body of a municipality may amend its zoning ordinance any time it deems circumstances and conditions warrant such action and such an amendment is unqualifiedly valid, if the procedural requirements of the statute are complied with; and providing such amendment is not unreasonable and capricious and is in furtherance of the design of the zoning statute. We are of the opinion that the prosecutors, upon whom the burden falls, in attacking this amendment, have utterly failed to establish that the zoning amendment was unreasonable and capricious, or that its passage was not in conformity with the statute. In fact, prosecutors fail to discuss this point in their brief. We hold that said amendment of the zoning ordinance is valid and enforceable and is dispositive of the issues *sub judice*.

Under Point (3) of prosecutors' brief, they argue "The City of Hackensack was without authority to change the formal contract entered into between it and Ingannamort

under date of April 14th, 1945, by the adoption of the resolution of July 7th, 1947, and/or by the change of zone under date of June 2d, 1947." A careful reading of prosecutors' argument on this point reveals that they do not cite a single case as authority for their contention. Prosecutors argue that the municipality cannot dissolve the contract in question by the adoption of a resolution. However, that is not the decisive factor. The controlling element is not and cannot be the resolution of July 7th, 1947, waiving the restrictive covenants in said agreement of sale. The passage of said resolution was utterly meaningless in view of the action of the City of Hackensack, through its governing body on June 2d, 1947, when it formally adopted an amendment to its zoning ordinance and changed the land in question from a single-family to a multiple-family zone. Prosecutors merely assert that said zoning amendment was the result of capricious and unreasonable action. They do not appear to press it and certainly they failed to establish it by the evidence.

Obviously, prosecutors' argument narrows the issue to the proposition that the City of Hackensack, having sold the property with a restrictive covenant attached thereto, it is estopped from amending the zoning ordinance in a manner which will, to all intents and purposes, wipe out the restrictive covenants so imposed. We hold that there is no such limitation on the right to zone, and that the amendment in this case is valid unless prosecutors can establish that the amendment was capricious· or unreasonable, and that they have failed to do.

Prosecutors cite the case of *Ingannamort* v. *City of Hackensack*, 134 *N. J. L.* 103, in support of their contention that the municipal action under attack· is illegal and should be set aside. We hold that *Ingannamort* v. *City of Hackensack, supra,* is not applicable to the facts of the present case. In that case, decided by Mr. Justice Bodine, sitting alone, Ingannamort purchased from the City of Hackensack a large tract of land which was restricted by covenant to the erection of one-family dwellings. Hackensack desired to sell lands adjacent to those already purchased by Ingannamort, and Ingannamort made a written offer to purchase the nearby lands on

the same terms that the city had exacted when he made his first purchase, and among those terms was the restriction of the land to one-family dwellings. A public sale was held of the lands and they were sold to one Munroe. After the sale to Munroe, the city passed a resolution waiving the restriction on the property that had been sold to Munroe. In the meantime, according to Mr. Justice Bodine's opinion, Ingannamort had committed himself, by contracts, for the erection of one-family houses to approximately $2,000,000 and Mr. Justice Bodine held that the waiver of the one-family house restriction was an impairment of the rights of the prosecutor; that the waiver of the restriction would impair the value of prosecutor's property; that the sale of the second tract to Munroe was not advantageous to the city if the restrictions imposed were waived and therefore he set aside the resolution waiving the restriction. In the instant case, the parties are not competitive bidders and the amendment to the zoning ordinance had not been adopted at the time of the earlier decision.

We hold the view that the prosecutors' attack upon the resolution of July 7th, 1947, cannot be properly disposed of by way of *certiorari;* that their remedy, if any, is by way of injunction through the Court of Chancery. The case of *Morrow* v. *Hasselman,* 69 *N. J. Eq.* 612, is dispositive of this ground of appeal:

"The complainant, not being a party to the defendant's deed, and having therefore no privity, either of legal estate or contract, with the defendant, her right to enforce the covenant is equitable only, and depends upon the existence of a general plan for the improvement of this avenue by a uniform scheme, and the insertion of covenants in the deeds of purchasers, which was intended for the benefit of each purchaser on the avenue, and to which each purchaser with notice was subject."

In the instant case the record is entirely devoid of any evidence that would establish that there existed a community scheme or covenants which would prevent the erection of other than single-dwelling houses.

The writ of *certiorari* might well be dismissed on the ground of prosecutors' laches. Amendment to the zoning

ordinance was adopted on June 2d, 1947. The resolution was passed on July 7th, 1947. Prosecutors took no steps to protect their alleged rights until the writ in question was applied for and allowed on November 12th, 1947. However, we have disposed of the matter on the merits of the issues involved.

The writ is dismissed, without costs.