When the complaint in this matter was first presented to me counsel for the plaintiffs sought an ad interim restraint. The application was denied without reference to any of the merits of the case, the court being of opinion that the situation was not so imperative as to call for a temporary injunction. According to the allegations of the complaint the resolution, the passage of which the plaintiffs seek to prevent, will not be adopted or passed prior to the next meeting of the Commissioners of the City of Newark, scheduled for Wednesday, October 19, 1949. The present matter comes before the court on the return of its order to show cause why an interlocutory injunction should not be granted restraining the defendant Fairmount Construction Company from seeking the adoption by the City Commissioners of any resolution waiving, releasing or modifying the restrictive covenant involved in this dispute, and further restraining that company from erecting or commencing to erect upon the lands mentioned in the complaint multiple dwelling houses or apartment houses or any buildings different from those which that defendant has been erecting right along on the lands it purchased from the City. The order also calls upon the City of Newark to show cause why it should not be restrained from passing or adopting such resolution in respect of the restrictive covenant contained in the deed from itself to its co-defendant in this action.
The present application may be disposed of on the facts alleged in the complaint. Both defendants offer no proofs in denial of the allegations of the complaint and both defendants rest their resistance upon points of law applicable to the case made out by the complaint.
The motion for an interlocutory injunction could well be denied for reasons not touching the real merits of the complaint. Plaintiffs anticipate municipal action which conceivably might never be taken. The resolution to waive the restrictive covenant may not be introduced. It may be introduced *Page 574 
and fail of the vote needed for its adoption. Nor can this court assume that the discretionary power vested in the City Commissioners by the Act of the Legislature, R.S. 40:60-51.2, will not be appropriately and soundly exercised. The presumption is rather in the other direction. If and when such resolution is adopted by the City Commisioners, it will be presumed that the public officials properly exercised their discretion and that there has been no abuse thereof. The burden will rest upon those challenging the official action to establish an abuse of discretion.
So far as concerns the Fairmount Construction Company, there is present no situation calling for an interlocutory injunction. Nothing has been shown from which it would appear that unless a restraint be imposed the subject matter of the controversy might be destroyed or impaired pendente lite. The Fairmount Construction Company has the right to address itself to the City Commissioners for what it, the Construction Company, considers proper relief from the restriction imposed by the covenant. If the company should prevail and the resolution it seeks be passed, the matter is far from final. The resolution may still be passed on by this court if it is claimed that by adopting it the municipal authorities abused their discretionary powers. Even the erection by the Construction Company, pendente lite, of an apartment house on the lands involved would not place that result beyond judicial action and, if necessary and justified, the undoing thereof. The Construction Company would, pendente lite,
erect at its own peril. Nor could any intervening rights arise capable of defeating the plaintiffs' right to relief if such right be finally found in their favor. The plaintiffs claim that the restrictive covenant in the deed from the City of Newark to the Fairmount Construction Company being recorded, there is constructive notice to the world and all subsequent purchasers are privy to the benefit of that covenant. The court presently expresses no opinion on that claim, but if the plaintiffs are right, then rights hereafter arising will have been taken with notice. The plaintiffs must decide this for themselves, and if they have any doubts, those doubts may be put *Page 575 
to rest by notice of lis pendens filed in the County Register's Office.
Counsel for the opposing parties argue on the merits of the complaint and that matter might just as well be here considered. It is my view, based on the proofs now before me and confined solely to the matter of interlocutory restraint, that the complaint is without merit. In reaching this conclusion I rely considerably on the case of Taylor v. Hackensack, decided last year by the former Supreme Court and reported in 137 N.J.L. 139, 58 A.2d 788. That case is very much in point on the facts presented by the complaint in the instant matter. There the amendment of the zoning ordinance preceded in point of time the adoption of a resolution modifying certain building restrictions imposed by the city upon lands sold by it. The restrictions limited construction to single-family dwellings. The resolution modifying the restriction permitted the erection of garden apartments. The court held that the governing body of the municipality had the right to amend the zoning ordinance, and that such amendment made meaningless the later resolution modifying the restrictive covenants in the agreement of sale. The Supreme Court held the zoning amendment to be the controlling element.
The instant case is, in my opinion, stronger against the relief sought than was the case of Taylor v. Hackensack. I am not satisfied that the plaintiffs are privy to the restrictive covenant. Nothing has yet been shown to indicate that the restriction was part of a general community scheme intended for the benefit of each person who subsequently bought from the Fairmount Construction Company. The ordinary indications of a community scheme seem to be lacking. It does appear that the restriction was not restated or referred to in the deeds to subsequent purchasers. Nor does the deed containing the restriction state that it is for the benefit of subsequent purchasers or that the restriction should attach to and run with the lands. For all that appears, the restrictive covenant might have been exacted by the City with an eye to ratables and for the benefit of the entire community, not *Page 576 
alone the lands conveyed by its deed. The covenant might well be deemed personal to the City and subject to its sole control. But further than this. Even if the restriction were part of a community scheme, it would seem that the scheme has been altogether abandoned, and with that abandonment fell the covenant. The principle here suggested is established in many cases in our courts, a good example of which is Ocean City LandCo. v. Weber, 83 N.J. Eq. 476, 91 A. 600. There the restrictive covenant was part of a community scheme and, amongst other things, it established a certain building line. A considerable number of buildings were erected in violation of this building line restriction. The court held that this constituted an abandonment of the covenant. Vice-Chancellor Leaming there said: "Covenants of this nature in the contemplation of the remedial jurisdiction of this court are to preserve the specific plan defined in the covenant, and not a plan which differs from that defined in the covenant whether that difference has arisen by popular construction of the covenant or by common consent; and when the covenantee has permitted the specific plan to be materially violated by the erection of many buildings in the locality in question which are clearly erected contrary to the terms of the covenant, this court cannot equitably enforce the covenant at the instance of such covenantee against a subsequent violation." From the face of the complaint it appears that the Construction Company has erected 122 dwelling houses, all or most of which accommodate four families. This would seem to be a general departure from the restrictive covenant, which forbade a dwelling house larger than for two families. In fact, each purchaser of such a four-family house purchased a building which violated the restrictive covenant. Such purchaser would naturally be estopped from objecting to violations by others. From the present state of the proofs it appears that there has been a general violation of and departure from the design of the restrictive covenant and that the restriction stands abandoned. Proofs at final hearing may be different, requiring a different holding. For the reasons stated the interlocutory injunction is presently denied. *Page 577