90 N.J. Super. 401 (1966)
217 A.2d 888
URBAN FARMS, INC., ETC., PLAINTIFF-APPELLANT,
v.
ARTHUR J. SEEL AND CHARLOTTE SEEL, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1966.
Decided March 15, 1966.
*402 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Thomas S. Murphy argued the cause for appellant (Messrs. Gassert and Murphy, attorneys).
Mr. Sebastian Gaeta argued the cause for respondents (Mr. Carlos Peay, Jr., on the brief).
PER CURIAM.
The judgment is affirmed substantially for the reasons given in Judge Pashman's opinion in the Chancery Division, reported at 87 N.J. Super. 177 (1965).
In addition, it is clear that plaintiff did not prove a breach of either of the two covenants involved. The covenants do not give plaintiff an absolute right to disapprove either the building plans or the contractor. Even if it be assumed that such covenants, containing no objective standards, are valid restrictions on the use of land, the covenantee is required to show at least that it acted in good faith in disapproving either the building plans or the contractor. Indeed, it may well be, although it is not necessary for us to decide the question in this case, that it is required to show that its failure to grant such approval is reasonable. See Grobarchik v. Nasa Mortgage & Investment Co., 117 N.J.L. 33, 34 (Sup. Ct. 1936); Williams v. Hirshorn, 91 N.J.L. 419 (Sup. Ct. 1918); 5 Williston, Contracts (3d ed. 1961), §§ 675A, 675B.
Whichever test is applied, the result here is the same. Plaintiff admits that it approved the plans and specifications *403 and the plot plan showing the proposed location of the building. As the trial court properly ruled, its purported withdrawal of the approval was without warrant.
Further, plaintiff admits that Jorgenson, the contractor engaged by defendants to construct their residence, is a qualified and able contractor. Completely irrelevant to his qualifications is the fact that he refuses to pay plaintiff 6% of the cost of construction and refuses to buy a plot in plaintiff's development and build a house thereon. On the contrary, plaintiff's attempt to justify a refusal to approve the contractor for those reasons would lend support to a finding of bad faith.
Affirmed.