In the Matter of WILLINGBORO COUNTRY CLUB, INC., Debtor.

WILLINGBORO COUNTRY CLUB, INC., Plaintiff,

v.

LEVITT & SONS, INC., A Delaware Corporation; Theresa Lanzellotti, Willingboro Golf Course, Inc., A New Jersey Corporation; Edward D. Valor and Richard A. Forte, Individually and as Cross Representatives of the Grantees of Levitt and Sons, Inc.

Bankruptcy No. 84–06572.
Adv. No. 85–0206TG.

United States Bankruptcy Court, D. New Jersey.

Jan. 21, 1987.

Markowitz & Zindler by Jeffrey S. Posta, Lawrenceville, N.J., for plaintiff-debtor.

Teich, Groh, Kline & Frost by Carol L. Knowlton, Trenton, N.J., for Willingboro Tp.

Peter A. Cross, Leonia, N.J., for defendant LSI United Holding Corp., f/k/a Levitt & Sons, Inc.

Eleuteri & Wilkins by Elizabeth A. Ryan, Mount Holly, N.J., for Edward Valor & Richard A. Forte.

## OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

This matter arises by reason of cross motions for Summary Judgment seeking a determination as to whether or not the conditions of a certain deed dated October 16, 1970, as amended by a contract dated March 10, 1972, with respect to a conveyance from Levitt & Sons, Inc. to Theresa Lanzellotti, restrict the use of certain property owned by the debtor. The plaintiff

debtor filed suit against the grantor, the grantee, and two representatives of a class representing all property owners with property adjacent to the lands conveyed. The Township of Willingboro was permitted to intervene on February 4, 1986. This Court certified the class and its representatives on April 25, 1986.

The facts are undisputed. In addition to the facts set forth in the submissions of the parties, the Court inquired of various counsel during the time immediately preceeding the hearing in order to ascertain certain facts which were either known to the parties or available by simple inquiry into the records of the parties and the municipality. In its statement of facts, the Court will rely on certain of these facts. In the event that any such facts are incorrect, the parties shall notify the Court within three days and if appropriate, the Court will supplement or correct its opinion.

**FACTS**

As set forth, on October 16, 1970, Levitt & Sons, Inc. conveyed the property in question to Theresa Lanzellotti. The deed recited the fact that the grantor had constructed certain residences in the Township of Willingboro "adjacent and in proximity to the premises conveyed". The deed contained the following statement:

Whereas, the purchasers of said residences purchased same in reliance upon the existence and the continued existence of the premises conveyed hereunder as a golf course.

Now, therefore, in order to protect the aforesaid purchasers of residential properties from the Grantor and for their benefit, this conveyance is subject to the following covenant which shall bind the Grantee and its successors and assigns: The premises conveyed hereunder shall be used for no purpose other than a golf course. This is construed to mean that the premises shall have the use of a golf course perpetually and for no other purpose at any time.

On March, 10, 1972, a supplemental agreement was entered into between Levitt

& Sons and Lanzellotti. This agreement was recorded as a deed in the County of Burlington in Book 1821 for deeds of said county at page 950. It contained the further explanation:

The premises conveyed hereunder shall be used for no purpose other than a golf course. This is construed to mean that the premises shall have the use of a golf course perpetually and for no other purpose at any time. Said covenant, however, shall cease and end and terminate in the event that a substantial portion of the premises shall be condemned by any party whatsoever having the power of eminent domain, which condemnation shall be of a sufficient portion of the tract to render the continued use of it as an eighteen hole golf course unpracticable.

The deeds representing the chains of title of the individual defendants in the instant case, as well as other homeowners adjacent to the property, were issued in and around 1966. While the golf course in question existed at that time, no mention of such a golf course was made in those deeds. A declaration of covenants and restrictions dated March 14, 1966 and recorded in Burlington County on March 18, 1966 in Book 1611 for deeds of said county at page 371 likewise contained no mention of a golf course.

On March 29, 1976, the Township of Willingboro gave approval to the construction of a swimming pool and tennis courts on the premises. Construction was completed on May 31, 1976 and those facilities remain on the premises.

Initially, there was no restaurant or bar on the premises since the Township of Willingboro is a "dry" municipality and no liquor is permitted. In 1980 however, a snack bar was constructed at the pool and a gazebo and pool bar were approved. While no specific evidence concerning the use of the restaurant and bar facilities by outsiders has been presented, one of the attorneys has represented to the Court that he attended a Bar Association meeting at the club some years ago.

The records of the municipality reveal that there has never been a denial of a liquor license, and the appropriate food handling licenses have been granted on a regular basis. All parties agree that they know of no litigation concerning the deed restrictions.

In 1984, the debtor filed a petition seeking the protection of this Court under Chapter 11 and the case has been proceeding since that time. The submitted evidence makes it clear that the real estate owned by the debtor will have significantly more value for purposes other than a golf course than it has by abiding by the golf course restriction. In fact, it may reasonably be inferred that little or no dividend to general creditors would result if the restriction remains while if the property may be devoted to its highest and best use, a significant dividend may be realized. Evidence has shown, as well, that removal of the restrictions will diminish the value of the residence property immediately adjacent to the golf course.

## DISCUSSION

Rule 7056 of the Bankruptcy Rules incorporates Rule 56 of the Federal Rules of Civil Procedure governing the entry of Summary Judgment. The law is clear. Where no genuine issue of material fact exists between the parties, the Court may grant Summary Judgment. In the instant case, no genuine issue of material fact exists and the case is ripe for determination. *Celotex Corp. v. Catrett*, 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby*, 477 U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Goodman v. Mead Johnson & Co.*, 534 F.2d 566 (3rd Cir.1976), *cert. den.* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). See also *Judson v. Peoples Bank & Trust Co. of Westfield*, 17 N.J. 67, 110 A.2d 24 (1954). In the instant case, all of the preconditions for the issuance of Summary Judgment have been met and failure to enter judgment would result in the unnecessary delay of the proceedings.

The first substantive issue which must be dealt with is whether or not the cove-nant contained in the 1970 deed is in fact a contract. In New Jersey, a restrictive covenant is a contract. *Weinstein v. Swartz*, 3 N.J. 80, 68 A.2d 865 (1949). Such a covenant, if appropriate, has all of the incidents of a contract. *Urban Farms, Inc. v. Seel*, 87 N.J.Super. 177, 208 A.2d 434 (Ch. Div.1965), *aff'd.* 90 N.J.Super. 401, 217 A.2d 888 (App.Div.1966). See also *Mountain Springs Assn. v. Wilson*, 81 N.J.Super. 564, 196 A.2d 270 (Ch.Div.1963).

In the instant case, the issue has been raised by all counsel as to whether or not the contract is an executory contract. If the contract is executory, the Bankruptcy Code, 11 U.S.C. § 365, permits the debtor-in-possession to assume or reject the contract based upon whether or not such action is appropriate in its business judgment (or in certain cases based upon whether or not it is burdensome. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984)). The determination of whether or not the instant contract is an executory contract requires an establishment of the appropriate test.

Three tests have been set forth to ascertain the existence of an executory contract. The first appears in Williston on Contracts in 1 Williston on Contracts 27, § 14 (3rd. Ed., Baker, Voorhis & Co., Inc., Mount Kisco, N.Y.1957). By Professor Williston's definition all contracts are really executory. If any performance remains by either side under any circumstances, it is an executory contract. A narrower definition for bankruptcy purposes appears in the extensive discussion of the problem by Professor Vern Countryman, 57 Minn.L.Rev. 439 (1973). Professor Countryman argues that for bankruptcy purposes, an executory contract is one in which substantial performance is still required by both sides. The law itself avoids the issue by indicating that the legislative history, as well as the case law, requires a case by case determination and a flexible, nonrigid approach. *In re Norquist*, 43 B.R. 224, 11 C.B.C.2d 1146 (Bkrtcy. E.D. Washington, 1984).

While the question is important and the instant case suggests the *Norquist* approach, there is a threshold issue. This

Court must first determine whether or not there is a valid and enforceable restrictive covenant pursuant to the law of the State of New Jersey. As pointed out above, the initial proposition is that a restrictive covenant is a contract. Furthermore, the fact that it exists for the purpose of exercising "direct influence on the occupation, use or enjoyment of the premises" makes it a real as opposed to a personal covenant. *Caullett v. Stanley Stilwell & Sons, Inc.*, 67 N.J.Super. 111, 116, 170 A.2d 52 (App.Div. 1961), *see also Olson v. Jantausch*, 44 N.J. Super. 380, 130 A.2d 650 (App.Div.1957). It is clear from the wording that the purpose is the establishment of a neighborhood scheme.

█ The law of New Jersey is equally clear that a neighborhood scheme may be abandoned. *Margate Park Protective Ass'n. v. Abate*, 22 N.J.Super. 550, 92 A.2d 110 (Ch.Div.1952). In the instant case, the agreed upon facts demonstrate that any such neighborhood scheme was abandoned. Unless the owners are prepared to show that a swimming pool constitutes a water hole and a tennis court, a sand trap, it is clear that these are not necessary parts of a golf course. Interestingly enough, the covenant uses the very restrictive term "golf course" rather than "country club" or some other designation. Furthermore, the entire use with respect to the bar and restaurant, while arguably adding a nineteenth hole to the golf course, supplements the use of the property beyond any possible definition of the words "golf course".

If a neighborhood scheme is shown not to exist or to have been abandoned, the covenant may become a personal one. If that be the case, in order to be enforceable there must be a benefit identified for other land retained by the grantor. *Minch v. Saymon*, 96 N.J.Super. 464, 233 A.2d 385 (Ch.Div.1967). If the neighborhood scheme has been abandoned, the rights of neighbors cannot be enforced if the covenant is not contained in their own deed. *Hendlin v. Fairmount Construction Co.*, 5 N.J.Super. 571, 68 A.2d 855 (Ch.Div.1949).

The Courts of the State of New Jersey have been hesitant to enforce restrictive covenants where they have been violated. *Clevenger v. Quinn*, 79 N.J.Eq. 485, 83 A. 771 (Ch.1911). This is particularly true where evidence of abandonment has been shown. *Ocean City Land Co. v. Weber*, 83 N.J.Eq. 476, 91 A. 600 (Ch.1914). In both of those cases, Vice Chancellor Leaming made it clear that the policy of the law is against restrictive covenants. In more recent years, similar results have been recognized by the New Jersey Supreme Court. *Houston Petroleum Co. v. Automotive Products Credit Ass'n.*, 9 N.J. 122, 87 A.2d 319 (1952). See also *Hammett v. Rosensohn*, 46 N.J.Super. 527, 135 A.2d 6 (App. Div.1957).

In a supplemental brief, plaintiff debtor has urged the Court to find that whatever rights defendants may have are barred by the doctrines of estoppel, laches and waiver. These doctrines come into play where, for example, there is a duty to speak or act. *Carlsen v. Masters, Mates & Pilots Pension Plan Trust*, 80 N.J. 334, 403 A.2d 880 (1979). Silence may create a waiver or estoppel when the opportunity to take action is presented. *McSweeney v. Equitable Trust Co.*, 127 N.J.L. 299, 22 A.2d 282 (E & A, 1941). In order to enforce these doctrines, however, the Court must make findings concerning the "length of the delay, reasons for the delay, and changing conditions of either or both parties during the delay ..." *Lavin v. Hackensack Bd. of Ed.*, 90 N.J. 145, 152, 447 A.2d 516 (1982). Such considerations require an evidentiary hearing and preclude the entry of Summary Judgment. Furthermore, the determination of the validity of the covenant itself does not require reliance upon these doctrines.

█ The restrictive covenant in the case *sub judice*, however, is unenforceable for a number of reasons. Levitt and Sons, Inc. cannot seek to enforce it as they no longer hold any property interest. The homeowners adjacent to the property may not successfully enforce the covenant, as their deeds never made mention of the restriction and it was not part of an original common scheme. They are not parties to this action. In general, the restrictive cov-

enant is invalid as it has already been abandoned. Under the law of New Jersey, a restrictive covenant may be considered abandoned where there has been acquiescence in its violation. "When there is such acquiescence ... and the scheme is totally or partially destroyed or impaired, the accompanying burden undergoes a corresponding modification." *Hoffman v. Perkins*, 3 N.J.Super. 474, 491, 67 A.2d 210 (1949). In *Hendlin v. Fairmount Construction Co., Supra*, the Court indicated that under a community scheme, if there was common acceptance and acquiescence by uniform breach of the restrictive covenant, the covenant was effectively abandoned.

Thus it is clear that the threshold issue of whether or not there is a valid and enforceable covenant according to the laws of the State of New Jersey must be resolved by a determination that no such restrictive covenant exists. The relief sought by plaintiff includes a declaration by this Court that the restrictive covenant is null and void and not enforceable and this Court so finds.

Judgment shall be entered in favor of the plaintiff-debtor and the attorney for the debtor-in-possession is directed to submit an order in accordance with this opinion.