JUSTICE LEAPHART,
dissenting.
I dissent. As the District Court correctly concluded, the restrictive covenant at issue is not tied to a common plan or scheme for the Village of St. Marie, and it confers a personal benefit upon the designate — in this case the brother of the developer who drafted the covenants. Paragraph II(Q) of the restrictive covenants provides that:
No television satellite receiving dishes shall be placed on any portion of the property except by Valley Park, Inc. or its designate. Radio and television antennas and aerials may be placed on the property as approved by the architectural committee.
Thus, as the covenant makes clear, satellite dishes are not prohibited by the covenants. Rather, the covenant merely requires that the satellite dishes must be installed by VPI or its designate. Further, there is no absolute prohibition against radio and television antennas and aerials which are arguably more unsightly than the 18” DSS dish at issue here. If, as the Court asserts, Paragraph II(Q) is enforceable because it is tied to, or enhances, the common plan or scheme of the development there must first be some common plan or scheme. As Paragraph II(Q) demonstrates, there is no such common plan or scheme — antennas and aerials may be installed on the property. More interestingly, so can satellite dishes as long as they are installed by VPI or its designate. Clearly, there is no uniform plan to be maintained where antennas and aerials may be installed on the condominium units.
As the District Court aptly noted, the covenant:
does not clearly connect the restriction to any general plan or scheme.... There is no statement whatsoever within the covenants that shows how the restrictions on the use of television satellite receiving dishes is connected to this stated purpose. Rather, it *348 appears that the restrictive covenant exists merely to meet the developer’s promise to provide exclusive television satellite service to a family member.
The fact that only VPI, the developer, or its designate, may install satellite dishes appears to be an exclusive franchise granting VPI and/or the designate a personal benefit not tied to the common plan of the Village of St. Marie.
As the Court recognizes, restrictive covenants are valid “if they tend to maintain or enhance the character of a particular residential subdivision. However, such covenants are enforceable only when used in connection with some general plan or scheme.” Town & Country Estates, 740 P.2d at 671. Although the Court speculates that Paragraph II(Q) “tend[s] to maintain or enhance the character” of the property and is connected to a common plan or scheme, this speculation is insufficient to enforce the covenant — especially when coupled with the District Court’s specific finding that the restrictive covenant served only to fulfil a personal promise to a family member. Satellite dishes are permitted in the development if installed by VPI or its designate. Further, the architectural committee approved Jarrett’s request for a television antenna. I fail to see how lending our judicial imprimatur to an exclusive franchise contributes to the common plan or scheme as required by Town & Country Estates.
Restrictive covenants which serve a valid purpose of mutual benefit to all lot owners are enforceable; restrictions that inure solely to the benefit of the developer at the expense of the owner’s unrestricted use and enjoyment of their premises are not. DeWolf v. Usher Cove Co. (D. R.I. 1989), 721 F. Supp. 1518, 1531 (citing Urban Farms, Inc. v. Seel (N.J. Sup. Ct. App. Div. 1965), 208 A.2d 434, aff’d, 217 A.2d 888 (1966)). The covenant at issue here falls into the second category and, as the District Court correctly concluded, it is not enforceable. Accordingly, I would affirm the judgment of the District Court.
CHIEF JUSTICE TURNAGE and JUSTICE HUNT join in the foregoing dissent of JUSTICE LEAPHART.