This is a bill for an injunction to restrain the erection of a gasoline station on premises on the northwest corner of Bloomfield avenue and Elmwood road, in Verona.
It is admitted that neither in defendant's deed nor in his chain of title is there a restriction of any kind. It is also admitted that complainant does not and cannot rely on the doctrine of neighborhood restrictions.
It appears that one Fillmore Condit owned a large tract of land in Verona, a map of which was made, and from which map lots were sold. The lots sold may be separated into four classes. First, those never restricted at all. Second, those restricted against business for ten years — which expired over twenty years ago.Third, those with restrictions similar, but not identical with those in complainant's deed. Fourth, those with different restrictions. The right to relief is based on a covenant in the deed to complainant. The part essential to a determination of this case reads as follows: "And the party of the first part covenants for himself, heirs and assigns, that no lot or plot of land shown upon said map shall be conveyed excepting subject to the same restrictions hereinbefore stated." But, as we have seen, Mr. Condit did not in his subsequent conveyance to defendant impose any restrictions whatever.
Complainant maintains that when Condit covenanted to restrict he did actually restrict, and that the act of 1883 (P.L. ch. 159p. 215) was actual notice to defendant. I cannot agree with this contention. To so hold would in my opinion make the searching of titles an extremely difficult *Page 480 
and uncertain matter. It would make necessary the searching of every conveyance made outside the title itself by any one of the grantors mentioned in the title.
In the case of Mitchell v. D'Olier, 68 N.J. Law 375, the court of errors and appeals, speaking through Chancellor Pitney, discussed a deed made in 1894, while the statute of 1883 was still in effect. The chancellor said (at p. 384): "* * * For it is established that every purchaser takes title subject to any defects, reservations and exceptions that are referred to in hisdeed or may be ascertained by reference to his chain of title as spread forth upon the public records," citing numerous cases.
It is clear, therefore, that the theory contended for by the complainant was not in the mind of the court which expressly limits notice to purchaser's deed and chain of title.
Still more in point is the case of Glorieux v. Lighthipe,88 N.J. Law 199. In it Mr. Justice Swayze, speaking for the court of errors and appeals, says (at p. 203): "A purchaser may well be held bound to examine or neglect at his peril the record of the conveyances under which he claims, but it would impose an intolerable burden to compel him to examine all conveyances made by everyone in his chain of title." This opinion was written in connection with a deed recorded November 6th, 1927. The act of 1883, on which complainant relies, was superseded by the Recording act of 1898. P.L. 1898 p. 713. It seems clear, therefore, that the court considered the 1898 act a complete repealer of the act of 1883. Even as to the act of 1883 the court seems in doubt as to whether it broadened the scope of the notice. It says (at p. 203): "There was no express statutory provision making the record notice until 1883 and if that act did, in fact, broaden the scope of the notice (as to which we express no opinion), it was repealed in 1898."
It follows, therefore, that the conveyance by Condit of the land in question, in 1910, without restrictions does not in any way come under the provisions of the act of 1883, and that a purchaser is only bound to look to his own deed and chain of title. The fact that Condit agreed to restrict in a deed to *Page 481 
other property owned by him is not notice to defendant and does not bind him.
A question was raised in the briefs as to whether or not the neighborhood in which the land in question is situate has changed in the past twenty-eight years. The testimony, irrespective of my own personal knowledge of this property for thirty years, convinces me that it has. Bloomfield avenue in Verona has changed in thirty years from a village street to a business thoroughfare.
However, my decision is not based on this, nor do I think it necessary to refer to any further points raised by counsel. As I have said defendant had no legal notice of any restrictions and therefore the prayer for injunction should be denied.
I will advise a decree accordingly.