46 N.J. Super. 527 (1957)
135 A.2d 6
JOHN E. HAMMETT, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
JAMES ROSENSOHN AND FLORENTINE R. ROSENSOHN, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 4, 1957.
Decided October 7, 1957.
*530 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Francis E. Bright argued the cause for plaintiff-respondent and cross-appellant (Messrs. Dolan & Dolan, attorneys; Mr. Bright, of counsel).
Mr. Sam Weiss argued the cause for the defendants-appellants and cross-respondents (Mr. Weiss, attorney and of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
The defendants appeal and the plaintiff cross-appeals from a judgment of the Chancery Division which determined the respective property rights of the parties and the effect of certain restrictions and easements relating to their properties in Byram Township, Sussex County, New Jersey.
The plaintiff, John Hammett, acquired by deed dated June 27, 1928, from Edward J. Barber and others, several parcels of land, including 71.104 acres still owned by the plaintiff, where he resides, and a 35.368 acre tract consisting of land and one-third of the area of a small lake known as Roseville Pond, the last-mentioned tract being known as the Luebbers tract, now owned by the defendants and where they reside.
The Luebbers property, also known as "Casa Stradella," was conveyed, along with another tract, by deed dated May 18, 1935, from Hammett to the General Public Utilities Corporation. The corporate grantee was the nominee for Howard C. Hopson. Hammett and Hopson had agreed to protect their respective properties and to maintain them as country estates, with a country home and wide view of the countryside, together with a lake for fishing, boating and swimming. With these objectives in mind, they mutually agreed to restrict the use of their properties and to establish easements, *531 which are contained in the deed to Hopson's nominee, General Public Utilities Corporation.
Hopson also acquired other neighboring properties which, while never in his name, were assembled and conveyed to his corporate nominee, Realty Investors, Inc., by various deeds. One of these properties is known as the Sickels property which, by deed dated September 21, 1936, Sarah D. Sickels and her husband conveyed to Hopson's nominees, Gerald J. Dean and his wife. This property, comprising some 200 acres, is located east and northeast of the defendants' property, although only a comparatively small portion thereof is contiguous to it and to the easterly portion of Roseville Pond.
The third Hopson acquisition, known as the Rusby tract, was conveyed on January 6, 1937, by Ella M. Rusby and her husband to Property Owners, Inc., another Hopson nominee. This property consists of two tracts, a small portion of one tract being contiguous to Hammett's property and the other tract being contiguous to both Hammett's property and defendants' lake front property. Neither the Sickels nor the Rusby property is described in the Hammett deed of May 18, 1935. The titles to the Sickles and Rusby properties by mesne conveyances eventually came into the ownership of Realty Investors, Inc., on July 25, 1941, but at no time were these tracts ever vested in Hammett or General Public Utilities Corporation. The chain of title of these tracts does not contain the respective restrictions and easements mentioned in the Hammett deed of May 18, 1935 to the Luebbers tract.
Realty Investors, Inc., by deed of November 28, 1941, conveyed to another Hopson nominee, Talco Realty Company, all the property that had been acquired through the various Hopson nominees. On January 21, 1946 Talco conveyed all this property to Benjamin Cooper of "Casa Stradella Farm." Finally, by deed of October 1, 1947 Cooper conveyed to the defendants, James Rosensohn and his wife, the Luebbers, Sickels and Rusby tracts (less some 22 acres not here significant), the deed reciting that the conveyance is *532 subject to the restrictions, easements and agreements mentioned in the Hammett deed of May 18, 1935.
The plaintiff, by his complaint, seeks to restrain the defendants from
"* * * changing the existing shore line of Roseville Pond or relocating the road along that shore line and further restraining them from the creation of any beach for the use of the public at Roseville Pond, permitting the public to use the waters of Roseville Pond or building a boathouse anywhere except along the existing shoreline of Roseville Pond."
Plaintiff claims the defendants act or contemplate acting in violation of the restrictions and easements.
The answer admits that in order to make better use of their land, defendants desire to move the existing roadway on their property, adjacent to Roseville Pond, closer to the pond; to grade the area adjacent to the pond to remove a precipitous drop; to extend the present shore line about 20 feet into the pond and make a sand beach on their property, and to construct a boathouse on the contemplated filled-in portion of Roseville Pond. They deny the binding effect of the restrictions and easements as to their property and its use, contending that they were personal to Hopson and Hammett. By their counterclaim the defendants seek a declaration of their rights in the property owned by them, if the restrictions and easements are not held to be invalid.
The trial court by its judgment ruled that the restrictions and easements contained in the Hammett deed of May 18, 1935 are definite, reasonable, not against public policy, and capable of enforcement, and have not been abandoned or waived by the plaintiff, nor is plaintiff estopped from enforcing them. It held, however, that these restrictions and easements do not bind the Sickels and Rusby tracts in any way. The court further ruled that as long as the restrictions remain in effect: (a) the defendants have no right to construct additional houses or homes on, or to subdivide, the Luebbers tract; (b) the defendants may not erect any building along the shoreline of the pond west of the ice-house *533 except a 1 1/2-story structure to be used solely as a boathouse; (c) the defendants may grant a right of way over their premises within the limits of the Luebbers tract, subject to the provisions of the judgment; (d) during the lifetime of the plaintiff he is entitled to have the present icehouse remain where it is presently located on the Luebbers tract; (e) the right to the use of the roadway adjacent to the icehouse between the 15th and 17th courses of the Luebbers tract is a permanent easement in favor of the plaintiff, independent of the use of the icehouse; (f) the defendants have the right to change the grade of the existing private roadway between the mentioned 15th and 17th courses, in conformity with the plan presented to the court, provided that steps are taken to prevent erosion from the Hammett property; (g) defendants are not to extend the present shoreline of Roseville Pond or fill in its waters within the limits of the Luebbers tract, nor is the pond within the Luebbers tract to be opened to the public or to be used in conjunction with any business enterprise; (h) the restrictions as to the uses of the Luebbers tract contained in the deed of May 18, 1935, are to remain in full force and effect so long as Hammett, his wife or their present children own the premises now occupied by them.
The trial judge had the advantage of personally inspecting the premises involved during the course of the hearing.
Defendants argue that the judgment under review errs in denying them the right to fill in any portion of Roseville Pond within the Luebbers tract and to extend its shore line, to erect a boathouse as planned, and to subdivide the Luebbers tract. Originally they appealed from other portions of the judgment. However, in their brief they expressly state they abandon their appeal except as to those portions of the judgment which provide, specifically, that the "defendants have no right to subdivide this tract [Luebbers]"; the defendants are "restrained from erecting any building along the shore line of Roseville Pond west of the ice-house and within the limits of the Luebbers Tract except a structure not to exceed one and one-half stories in height to be used *534 solely as a boathouse and are specifically * * * restrained from erecting a structure of the design or plan submitted by the defendants for the consideration of the court * * *"; the defendants are restrained from extending the present shore line or from filling in a portion of the waters of Roseville Pond within the limits of the Luebbers tract, pursuant to the plan dated June 1955 prepared by M. Hampton Byram; and lastly, they are restrained from opening the waters of Roseville Pond within the Luebbers tract to the use of the public or from using the pond in conjunction with any business enterprise or development.
Plaintiff cross-appeals, claiming that (1) the restrictions set out in the Hammett deed of May 18, 1935 apply to the Sickels and Rusby tracts after-acquired by Hopson and now held by defendants; (2) defendants, owners of the servient Luebbers tract, may not alter the grade or location of a right of way without the consent of the dominant owner, Hammett; and (3) defendants may not permit third persons to use a right of way over their property, which is restricted to one-family residence use, to reach other property (the Sickels and Rusby tracts) which may be subdivided, or to reach a pond restricted against public use.
We will first consider the cross-appeal of the plaintiff as to whether or not the restrictions in the Hammett deed of May 18, 1935 affect the Sickels and Rusby properties, now owned by the defendants. The pertinent part of the deed reads as follows:
"It is agreed between the parties of the first part and the party of the second part [General Public Utilities Corporation], that the premises above described and hereby conveyed and also those certain other premises owned by the said parties of the first part, or either of them, more particularly described in Deed Book 303, Page 434, et seq., and such other and further property as may be purchased, acquired or owned by the parties of the first part or either of them and by the party of the second part, adjacent to the premises above described or mentioned herein, shall, so long as said premises above described or mentioned herein are owned by either of the parties hereto, or by Howard C. Hopson, or by any member of the family of the parties of the first part or of Howard C. Hopson, be subject to the following restrictions: * * *" (Emphasis added.)
*535 The plaintiff argues that the restrictions should apply to the after-acquired Sickels and Rusby tracts, although conceding that these tracts were not included in the Hammett deed of May 18, 1935. The proofs disclose that the Sickels and Rusby tracts were never owned by Hammett or General Public Utilities Corporation, hence the restrictions were never in the chain of title of either of the properties. Losey v. Simpson, 11 N.J. Eq. 246 (Ch. 1856). Plaintiff urges that the restrictions apply to property subsequently acquired by Hopson's nominees. The "party of the second part" in the Hammett deed is the corporate entity General Public Utilities Corporation, not Hopson.
Furthermore, if Hopson could be regarded as the real owner, the burden of proof was upon the plaintiff who seeks to enforce the restrictions, and there was no proof that defendants had notice, either actual or constructive, that the restrictions applied to these two tracts or that the tracts were indirectly owned by Hopson. Defendants acquired title to the Sickels and Rusby tracts through Realty Investors, Inc., not from Hammett or Hopson. A purchaser is not bound to take notice of restrictions when they are absent from his chain of title  he is only bound to look to his own deed and chain of title, unless chargeable with direct notice. Gale's Ex'rs v. Morris, 29 N.J. Eq. 222, 226 (Ch. 1878), affirmed 30 N.J. Eq. 285 (E. & A. 1878); Glorieux v. Lighthipe, 88 N.J.L. 199 (E. & A. 1915); Young v. Calley Land Co., 103 N.J. Eq. 478 (Ch. 1928). A purchaser is not required to go back through his chain of title and inquire of each owner as to whether or not the premises are restricted. Solomon v. Canter, 113 N.J. Eq. 43 (E. & A. 1933).
It is firmly established that the policy of the law is against the imposition of restrictions upon the use and enjoyment of land and such restrictions are to be strictly construed. Restrictions tend to protect property, but they also impair alienability. Nor will equity aid one man to restrict another in the use of his land unless the right to restrict is made manifest and clear in the restrictive covenant. *536 Underwood v. Herman & Co., 82 N.J. Eq. 353 (E. & A. 1913); Anders v. Greenlands Corp., 31 N.J. Super. 329, 341 (Ch. 1954); Majeski v. Stuyvesant Homes, Inc., 140 N.J. Eq. 460 (Ch. 1947).
It is equally true that subsequently acquired property may become subject to restrictions, where the parties so covenant. Hayes v. Waverly and Passaic R. Co., 51 N.J. Eq. 345, 348 (Ch. 1893). Cf. Schmidt v. Palisade Supply Co., 84 A. 807 (N.J. Ch. 1912); 2 American Law of Real Property, § 9.35, p. 436. To enforce restrictions against subsequent purchasers of after-acquired property to which restrictions may have attached, it is necessary to show notice, either actual or constructive. Coudert v. Sayre, 46 N.J. Eq. 386, 391 (Ch. 1890); Thompson on Real Property (perm. ed) §§ 3614-16, and Supp.
While Hopson was the guiding factor of the General Public Utilities Corporation by reason of its being his nominee in acquiring property, it is a rule of law that a corporation holds its property to its own use, and unless a fraudulent purpose is disclosed there is no justification for attacking the corporate structure. General Public Loan Corp. v. Director of Div. of Taxation, 13 N.J. 393, 401 (1953). If there was any fraudulent intent to deceive, the burden of proof would be upon the plaintiff. The record is devoid of any such proof, or that defendants had notice that the various corporate owners were nominees of Hopson or that he was the real grantee.
Hammett testified that Hopson resided on the defendants' property (Luebbers tract) from 1935 until about 1940, when he died, but such fact standing alone could not provide a legal or equitable basis for charging the defendants, who acquired their property in 1947, with notice that the restrictions applied to the Sickels and Rusby tracts. To establish the fact of possession as notice, the possession must exist at the time of purchase. Bingham v. Kirkland, 34 N.J. Eq. 229, 237 (E. & A. 1881). Rosensohn testified, quite frankly, that it was only subsequent to his acquiring title to his property that he first learned that the various *537 corporate nominees were Hopson's. There is no legal or factual basis here to support the contention that the Sickels or Rusby tracts ever became subject to the Hammett restrictions.
We now consider the problem concerning the change in the grade of a road by defendants, the servient owners. The trial court viewed the premises and found no objection to the proposed change of grade in that part of the existing private road lying between the 15th and 17th courses, inclusive, adjacent to the icehouse and lying wholly within the defendants' property (Luebbers tract), over which road the plaintiff has an easement. The pertinent easement reads as follows:
"The parties of the first part reserve the right to use that portion of the present road adjacent to the ice-house and which lies between the 15th and 17th courses, inclusive, of the First Tract hereby conveyed and the border of said Wright's or Roseville Pond."
Mr. Hammett testified that there is a substantial, precipitous slope in the area between the 14th and 17th courses and the pond itself. The defendants' engineer testified that it was not the Rosensohns' intention to change the location of the roadway, but to change the existing grade, there being a difference in elevation of about eight feet for the distance of 170 feet within the Luebbers tract, the higher elevation of the road being toward the Hammett property.
In construing an easement we try to determine the extent of the right by getting at the intention of the parties to the grant. The law requires that the owner of the fee, here the Rosensohns, "* * * do no act on his (their) lands which interferes, substantially, with the easement, or with those rights which are requisite to the full enjoyment of its benefits." Hammett, "being the owner of the dominant tenement has no property or rights in the servient tenement, except such as are incident to the enjoyment of his easement," Johnston v. Hyde, 33 N.J. Eq. 632, 647-649 (E. & A. 1881); 28 C.J.S. Easements § 95c, p. 778; and the use of the easement must not unreasonably *538 interfere with the use and enjoyment of the servient estate, Lidgerwood Estates, Inc., v. Public Service Electric & Gas Co., 113 N.J. Eq. 403, 407 (Ch. 1933).
There was no proof that Hammett's right to the use of the easement would be substantially interfered with if the grade of the roadway were changed as planned and the down slope of his property toward the roadway were protected against erosion or sliding. With the change of grade Hammett may continue to use the road in any manner consistent with his full enjoyment of the easement. Hammett makes no contention that the proposed change of grade would impair its utility in his use of the easement. The trial court reached a proper conclusion in this regard.
The plaintiff resists the determination by the trial court that the defendants have the right to grant a right of way within the limits of their property (Luebbers), subject to the provisions of the judgment. He urges that defendants may attempt to use the Luebbers tract or Roseville Pond for commercial purposes, but the judgment appealed from contains express limitations and provides that "defendants have no right to construct additional houses or homes on the premises known as the Luebbers tract" and "[it] may be used only as a one-family home or estate" and the waters of Roseville Pond, within the Luebbers tract, are not to be opened "to the use of the public" or to be used "in conjunction with any business enterprise or development." Defendants may not use their lands in any manner inconsistent with the provisions contained in the Hammett deed of May 18, 1935, or the judgment presently under review.
It may be argued that in allowing defendants to grant a right of way over this road to provide ingress and egress from the Sickels tract to the east (which tract defendants are free to subdivide under the judgment here in question), a public or semi-public way will be created which may destroy part of the manorial character of plaintiff's property and the restricted Luebbers tract. There is no cause for complaint now; we will not conjecture as to what the future may or may not bring. Plaintiff may not presently *539 restrain altogether the defendants' right to grant a right of way to any other person than him. Cf. Imbriaco v. Engel, 112 N.J. Eq. 253, 257 (Ch. 1933). The Rosensohns, as owners of the fee, should not be limited any further than the plain wording and intent of the easement imposed upon their land. The law strictly construes such servitudes. Underwood v. Herman & Co., supra.
Further, it appears from a map in evidence that there is already a right of way of record across the Luebbers tract that leads to and continues across the Sickels property. We do not have here a situation of where a right of way is required because of necessity nor do the defendants presently show where it is proposed to locate such right of way. Their right to grant a right of way to third parties across the Luebbers tract has not been abrogated by any agreement on the record, or by the judgment under review. Therefore, the ultimate purpose for the use of any such right of way is presently immaterial. The judgment in this regard is without error.
Next we consider the defendants' appeal from that part of the judgment which denies them, within the limits of their property, the right to fill in any portion of the waters of Roseville Pond; to extend the present shore line; and to erect a boathouse according to the plan submitted to the court. The deed made by Hammett in 1935 provided that "the parties of the first part [Hammett], their heirs and assigns," reserved from the grant to the party of the second part, General Public Utilities Corporation, the right
"* * * to use the waters of Wright's or Roseville Pond for boating, fishing, skating, ice-cutting, hunting and bathing purposes, where said waters of Wright's or Roseville Pond, or (sic) [are] contained within the boundaries of the First Tract hereby conveyed.
Any and all rights to the use of the waters of Wright's or Roseville Pond now owned or hereafter acquired by the parties hereto, shall not extend to the use of said waters in conjunction with any business enterprise or development or public use whatsoever, and said use of said waters shall be limited to the occupants of the premises of the parties hereto abutting upon said Wright's or Roseville Pond, and their families and private guests."
*540 The deed further provided that
"No building or other obstruction shall be erected to the westward of the present ice-house so as to obstruct the view, from the residence of the parties of the first part, of the Wright's or Roseville Pond, except however, the party of the second part shall have the right to construct a structure to be used solely as a boat house of not more than one and one-half stories in height, upon the south side of said Wright's or Roseville Pond to the westward of the present ice-house and within the boundaries of said First Tract hereby conveyed."
As indicated in the quoted portions of the deed, Hammett expressly reserved the right to use the waters of Roseville Pond contained within the Luebbers tract for the purposes recited in the reservation. The Rosensohns wish to fill in a portion of the shore line west of the ice-house about 135 feet in length, and a maximum depth of between 30 and 40 feet. This is for the purpose of making a gradual slope into the lake for swimmers and bathers who cannot dive. The deed gave to the owners of the Luebbers tract no right to fill in any part of the pond or extend the shore line. Defendants argue that the reservation should not be construed to mean that the easement reserved to Hammett extended to every cubic foot of that part of the pond within the tract conveyed. However, the defendants overlook the intent and spirit as expressed in the easement. It is not whether the area of the pond which it is planned to fill in is or is not a substantial part of the entire pond, but whether the reservation is clearly in favor of the plaintiff for the unrestricted purposes expressed, "for bathing, fishing, skating, ice-cutting, hunting and bathing purposes, where said waters of Roseville Pond, or (sic) [are] contained within the boundaries of the First Tract [Luebbers] hereby conveyed." It cannot be presumed that any particular part of the waters abutting any shore of the pond were not regarded by Hammett and his grantee as an essential part of his easement. Johnson v. Jaqui, 27 N.J. Eq. 552, 555 (E. & A. 1876); Fortesque v. Carroll, 76 N.J. Eq. 583 (E. & A. 1909); Walden v. Pines Lake Land Co., 126 N.J. Eq. 249 *541 (E. & A. 1939); Upper Greenwood Lake Property Owners Ass'n v. Grozing, 6 N.J. Super. 538 (Ch. 1949); Hyland v. Fonda, 44 N.J. Super. 180 (App. Div. 1957). There can be no question that an easement does not pass the title over which it extends, but the law conclusively presumes it to be the intention of the parties that the grantee in any deed shall enjoy beneficially the subject of the grant. We conclude that the easement reserved by Hammett included the entire surface of the pond and we therefore agree with the trial court's conclusion against the claimed right of defendants to fill in.
The proposed plan of the defendants to fill in the waters of the pond envisions as part of an over-all project the plan to build a boathouse. The Rosensohns are not to be denied the beneficial enjoyment of their property, but it is subject to the provisions contained in the deed by which they acquired their title. Rosensohn testified that there was a boathouse on his property, used solely for the storage of boats, which he had demolished prior to June 1955. He admitted that the boathouse he planned to build was not "to be used solely as a boathouse." The plan as proposed and submitted to the trial court is designed not only for storage of boats but also for outdoor living, with a grille for barbecue cooking, the first floor to contain an open recreation porch with a roof, storage space for tackle, furniture, lavatory, storage facilities for bottle goods, three dressing rooms, a snack bar, and a stairway leading to the open roof deck. While the various contemplated activities may be desirable, they go beyond being "solely a boathouse." The language of the restriction is clear and unambiguous  it does not permit a boathouse unqualifiedly, but only "a structure to be used solely as a boathouse." (Emphasis added.) The kind of structure the defendants plan would clearly violate the terms of the restriction as not being within the intention of the parties. Frisch v. Rutgers Village, 8 N.J. Super. 392, 400 (Ch. 1950).
The restriction which permits the boathouse begins by providing that no building "shall be erected to the westward *542 of the present ice-house so as to obstruct the view, from the residence" of Hammett, of Roseville Pond. Undoubtedly, when the restriction was agreed upon there were certain aesthetic considerations which controlled the limitations imposed. While the submitted plan calls for the construction of a boathouse, it is clear that it violates not only the express provision of the servitude ("solely as a boathouse") but also the expressed intent of the restriction concerning the degree of obstruction of the view of the lake permitted. We concur in the ruling on this point.
Lastly, it is contended that the restriction denying the defendants the right to subdivide the Luebbers tract is too broad and should be modified. However, defendants concede that they will abide by and do not appeal from that part of the judgment which provides that they have no right to construct additional houses or homes on the Luebbers tract and that such tract may be used only as a one-family home or estate. They object that the restriction is too broad a restraint upon alienation when it bars subdivision. They desire to be permitted to convey to members of their family. If the tract were to be divided, it could only result ultimately in an effort to erect additional homes on each subdivided part, and such is not within the meaning of the restriction. The Luebbers tract is to be held as one parcel and may not be subdivided.
In conclusion, the trial court in our opinion properly determined and declared the rights of the litigants in and to their respective properties, as they are affected by the restrictions and easements stated in the Hammett deed of May 18, 1935.
Affirmed.