**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5542-18[1]
A-0199-19

HOLIDAY CITY HOMEOWNERS
CORPORATION,

     Plaintiff-Respondent,

v.

SCOTT KERICO,

     Defendant-Appellant,

and

TOWNSHIP OF BERKELEY,

     Defendant-Respondent.

_____

HOLIDAY CITY HOMEOWNERS
CORPORATION,

     Plaintiff-Appellant,

v.

SCOTT KERICO and

---

[1] These are back-to-back appeals consolidated for the purpose of this opinion.

TOWNSHIP OF BERKELEY,

     Defendants-Respondents.

_____

Argued October 13, 2020 – Decided September 7, 2021

Before Judges Hoffman, Suter, and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000074-18.

Lauren M. Dooley argued the cause for appellant Scott Kerico in A-5542-18 and respondent Scott Kerico in A-0199-19 (Novins, York & Jacobus, PA, attorneys; Lauren M. Dooley, on the briefs).

Paul Leodori argued the cause for respondent Holiday City Homeowners Corporation in A-5542-18 and appellant Holiday City Homeowners Corporation in A-0199-19 (Paul Leodori, attorney; Amy Huber, on the briefs).

Michael S. Nagurka argued the cause for respondent Township of Berkeley (Rothstein, Mandell, Strohm, Halm & Cipriani, attorneys, join in the briefs of respondent Holiday City Homeowners Corporation in A-5542-18).

Barry S. Goodman argued the cause for amicus curiae New Jersey Realtors in A-5542-18 (Greenbaum, Rowe, Smith & Davis, LLP, attorneys; Barry S. Goodman, of counsel and on the brief; Cameryn J. Hinton, on the brief).

PER CURIAM

In A-5542-18, defendant Scott Kerico appeals the August 1, 2019 order awarding a judgment against him for unpaid homeowner assessments and unpaid capital contribution maintenance fees following the denial of his motion for summary judgment. At the time, he owned two properties in the Holiday City development in Berkeley Township. In A-0199-19, plaintiff Holiday City Homeowners Corporation (Holiday City) appeals the portion of the August 1, 2019 order that denied its request for attorney's fees and costs.

We affirm the August 1, 2019 order denying Holiday City's request for attorney's fees. We otherwise dismiss these appeals as moot.

I.

We glean the facts from the parties' summary judgment motions. Holiday City is a non-profit age-restricted community organized under N.J.S.A. 15A:1-1(a). Defendant is a real estate broker who was fifty-three years old in November 2017, when he purchased two properties in Holiday City at a sheriff's sale. He purchased the properties to rehabilitate and resell them to persons who are fifty-five or older. Defendant did not intend to reside in either property. At oral argument in these appeals, counsel for Holiday City advised us that both properties have been sold.

Holiday City is governed by a Board of Directors (Board) pursuant to a Declaration of Covenants and Restrictions (Declaration) and other governing documents. Article X of the Declaration provides that "[n]o [owner] as defined in this [Declaration] shall be less than 55 years of age[,]" although there are exceptions. For married couples, only one owner is required to be fifty-five. If an owner dies and his or her heirs do not meet the age restriction, the heirs can own the property but not occupy it until they reach fifty-five. Section four of the Declaration requires unit owners to advise the Board in advance if the property is to be sold, providing evidence the buyer will meet the age requirements. Property owners are required to pay an annual assessment as fixed by the Board. There are sanctions for non-payment and if a dispute is litigated.

Holiday City advised defendant in December 2017, and again in February 2018, that there were unpaid assessments for the properties.[2] Because defendant was not fifty-five years old and could not own property in Holiday City, it offered him a consent agreement that would allow him to sell the properties within a reasonable time to persons who met the age requirements. This agreement was a "special accommodation" to defendant to permit him to

---

[2] At oral argument, counsel for Holiday City advised these have been paid.

A-5542-18

rehabilitate the properties and then sell them. He was required to pay a $5000 security deposit and all unpaid assessments. The parties were not able to reach an agreement on the terms.

On April 6, 2018, Holiday City filed a two-count complaint in the Chancery Division against defendant and the Township of Berkeley (Berkeley). Count One requested a declaratory judgment that defendant violated Holiday City's governing documents because he was the record owner of two properties within the development and was not fifty-five years old. It sought a declaration that various statutes, a local ordinance, and federal laws and regulations were violated. The complaint alleged Holiday City[3] does not allow any person under fifty-five to purchase a home within its community, and that this restriction was approved in 1977 by the Department of Community Affairs and by Berkeley Township. The age restriction was implemented "as a way to demonstrate [the] community's intent to operate as housing for persons fifty-five years of age or older in accordance with 24 C.F.R. §100.306."

Count Two sought specific performance requiring defendant to transfer the properties to persons aged fifty-five or older "as soon as practicable." If not,

---

[3] The complaint alleges that ten other communities have similar restrictions.

Holiday City requested its appointment as attorney-in-fact to transfer title. Holiday City requested an award of attorney's fees and costs.

Defendant filed an answer and counterclaim seeking a declaration that his ownership was not in violation of the law, and that plaintiff was not entitled to attorney's fees. Defendant alleged in his counterclaim that he purchased, fully renovated and listed both properties for sale. He claimed he "never intend[ed] on occupying the [p]roperties." Holiday City filed an answer to the counterclaim. Berkeley filed an answer to the complaint.

Holiday City and defendant both filed motions for summary judgment. Following oral argument on March 29, 2019, the trial court granted summary judgment to Holiday City, concluding that "the governing documents require ownership to be over [fifty-five], that there's nothing in the Rules that . . . requires that the plaintiff open ownership up to those people that are under [fifty-five] . . . ." The order provided defendant did not have standing because he owed maintenance fees and a capital contribution fee. It found defendant's ownership was in violation of the Declaration, the Retirement Community Full Disclosure Act, N.J.S.A. 45:22A-2, the Municipal Land Use Law, N.J.S.A. 40:55D-1 to -163, Berkeley Township Ordinance § 35-101.1, 42 U.S.C. § 3601, and 4 C.F.R. § 100.306 because he purchased the property when he was not yet

6

fifty-five.  The order required defendant to transfer title of the property to someone fifty-five or older as soon as practicable.  In a separate order on the same date, the trial court denied defendant's motion for summary judgment.

Shortly after, Holiday City filed a motion seeking attorney's fees and costs, and a judgment for unpaid maintenance assessments and capital contribution fees.  The motion, which defendant opposed, was supported by a certification from Holiday City's counsel requesting $20,587.37 in attorney's fees and costs for the litigation.

On August 1, 2019, the trial court entered a judgment against defendant for $700.34 in assessments and $500 in administrative fees relative to the two properties.  However, it denied Holiday City's application for more than $20,000 in attorney's fees, finding Holiday City "never accepted or understood the defendant to be a shareholder."  The court found defendant's arguments were not frivolous because certain regulations "created a substantial issue that has been undecided by the courts up until this point."  Holiday City also did not serve the notice required by Rule 1:4-8 for frivolous claims.

Defendant appealed the August 1, 2019 order under A-5542-18.  Holiday City appealed the portion of the August 1, 2019 order that denied its request for attorney's fees and costs under A-0199-19.

In A-5542-18, defendant raises these issues:

POINT I

KERICO IS NOT IN VIOLATION OF THE RETIREMENT COMMUNITY FULL DISCLOSURE ACT, N.J.S.A. 45:22A-l [to -56] ("RCFDA") RELATIVE TO HIS ACQUISITION AND OWNERSHIP OF THE PROPERTIES.

POINT II

KERICO IS NOT IN VIOLATION OF BERKELEY TOWNSHIP ORDINANCE 35-101 OR MUNICIPAL LAND USE LAW, N.J.S.A. 40:55D-l [to -163] RELATIVE TO HIS ACQUISITION AND OWNERSHIP OF THE PROPERTIES.

POINT III

KERICO IS NOT IN VIOLATION OF THE FAIR HOUSING ACT OR THE HOUSING FOR OLDER PERSONS ACT RELATIVE TO HIS ACQUISITION AND OWNERSHIP OF THE PROPERTIES.

POINT IV
A RESTRICTION ON KERICO'S ACQUISITION AND OWNERSHIP OF THE PROPERTIES IS A VIOLATION OF THE LAW AGAINST DISCRIMINATION.

In A-0199-19, Holiday City raises these issues:

I. KERICO LACKS STANDING TO EITHER AMEND OR CHALLENGE HOLIDAY CITY'S GOVERNING DOCUMENTS SINCE HE WAS NOT A BONAFIDE PURCHASER, NOT AN OWNER PURSUANT TO HOLIDAY CITY'S GOVERNING

8

A-5542-18

DOCUMENTS, AND SIMPLY REFUSED TO PAY THE ASSESSMENTS AND FEES DUE TO HOLIDAY CITY RELATIVE TO THE PROPERTY WHICH RENDERED KERICO'S DEFENSE TO BE FRIVOLOUS ENTITLING HOLIDAY CITY AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO N.J.S.A. 2A:15-59.1 AND THE GOVERNING DOCUMENTS.

II. KERICO'S PURCHASE OF THE PROPERTY VIOLATED HOLIDAY CITY'S GOVERNING DOCUMENTS, THE RETIREMENT COMMUNITY FULL DISCLOSURE ACT, N.J.S.A. 45:22A-1 [to -56], MUNICIPAL LAND USE LAW, N.J.S.A. 40:55D-1 [to -163], BERKELEY TOWNSHIP ORDINANCE 35-101.1, FEDERAL REGULATIONS AND FEDERAL LAW WHICH RENDERED KERICO'S DEFENSE TO BE FRIVOLOUS ENTITLING HOLIDAY CITY TO AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO N.J.S.A. 2A:15-59.1 AND THE GOVERNING DOCUMENTS.

III. KERICO FORCED HOLIDAY CITY TO INITIATE THIS LITIGATION BY VIOLATING THE RETIREMENT COMMUNITY FULL DISCLOSURE ACT, N.J.S.A. 45:22A-1 [to -56], BERKELEY TOWNSHIP ORDINANCE 35-101.1, MUNICIPAL LAND USE LAW, N.J.S.A. 40:55D-1 [to -163], THE HOUSING FOR OLDER PERSONS ACT, 42 U.S.C. 3601 ET SEQ. AND HOLIDAY CITY'S GOVERNING DOCUMENTS WHICH RENDERED KERICO'S DEFENSE TO BE FRIVOLOUS ENTITLEING [SIC] HOLIDAY CITY TO AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO N.J.S.A. 2A:15-59.1 AND THE GOVERNING DOCUMENTS.

IV. KERICO'S DEFENSE HAS NO REASONABLE BASIS IN THE RECORD, IN LAW OR IN EQUITY

9

AND HOLIDAY CITY IS ENTITLED TO RECOVER
ALL ATTORNEYS' FEES AND COSTS UNDER THE
FRIVOLOUS CLAIM ACT, N.J.S.A. 2A:15-59.1.

II.

We first address the issues in A-5542-18. We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

In A-5542-18, defendant argues the trial court erred by granting summary judgment to plaintiff because none of the statutes or other authorities cited require ownership in an age-restricted community to be limited to persons who are fifty-five or older. Defendant argues that Holiday City's restriction on ownership violates the prohibition against familial status discrimination under the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49, and the federal Fair Housing Act (FHA), 42 U.S.C. §§ 3601 to 3619. However, Holiday City

contends defendant does not have standing to challenge the Declaration requiring owners to be fifty-five or older because he failed to appeal the trial court's order of March 29, 2019. Holiday City also argues defendant had nothing to lose in this litigation. It notes defendant did not appeal the August 1, 2019 order that he owed maintenance assessments and capital contributions and thus, lacked standing on that basis.

Standing is "a threshold justiciability requirement . . . [which] must be determined before a court may proceed to consider the substantive merits of the case." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 424 (1991). Standing is to be measured by an adverse litigant's "stake in the outcome of the case." See Jersey Shore Med. Ctr.-Fitkin Hosp. v. Est. of Baum, 84 N.J. 137, 144 (1980).

The March 29, 2019 order was interlocutory because it did not decide the amount of the outstanding assessments nor attorney's fees. Defendant appealed the August 1, 2019 order and referred therein to the March 29, 2019 order. The March 29, 2019 order included several paragraphs that found defendant did not have standing to challenge the age fifty-five requirement.

We disagree with those portions of the orders that determined defendant did not have standing. Defendant had a sufficient stake in the outcome of this

11

case, since Holiday City's claims for relief were adverse to his purchase and ownership rights of the properties. In fact, the March 29, 2019 order required defendant to transfer the ownership of these properties to persons who are fifty-five years of age or older without apparent compensation. Plainly, litigation requiring defendant to transfer property gave defendant a direct outcome in this case. Holiday City's argument about waiver is lacking sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Holiday City, a common interest housing subdivision, is managed by its homeowners' association through privately created governing documents. See Cape May Harbor Vill. & Yacht Club Ass'n, Inc. v. Sbraga, 421 N.J. Super. 56, 70 (App. Div. 2011) (providing that "[h]omeowners' associations in common interest developments (as opposed to condominiums) do not arise out of a statute" (quoting Highland Lakes Country Club & Cmty. Ass'n v. Franzino, 186 N.J. 99, 110 (2006))). The covenants that form these associations "include restrictions and conditions that run with the land and bind all current and future property owners." Ibid.

Article X of Holiday City's Declarations includes a restrictive covenant that prohibits anyone who is younger than fifty-five from purchasing one of the properties in the development. In this litigation, Holiday City seeks an

12

affirmative declaration that the governing documents that prevent sale to someone under fifty-five are in conformity with various statutes and a local ordinance. Defendant filed a counterclaim seeking the reverse declaration.

"It is firmly established that the policy of the law is against the imposition of restrictions upon the use and enjoyment of land and such restrictions are to be strictly construed." Hammett v. Rosensohn, 46 N.J. Super. 527, 535 (App. Div. 1957). The issues raised here implicate a number of statutes, regulations and an ordinance.

The federal Fair Housing Act prohibits discrimination in housing based on race, color, religion, sex, national origin, or familial status. 42 U.S.C. § 3604(a); see Phillips v. Hunter Trails Cmty. Ass'n, 685 F.2d 184, 189-90 (7th Cir. 1982) (finding a violation of the FHA where an association used a right of first refusal to discriminate on the basis of race); Wolinsky v. Kadison, 114 Ill. App. 3d 527, 535 (Ill. App. Ct. 1983) (holding that a right of first refusal violates the FHA when used against a prospective purchaser because of his or her race, religion, sex, sexual preference, marital status or national origin). Age is not one of the enumerated criteria. "Familial status" is defined as "one or more individuals (who have not attained the age of [eighteen] years) being domiciled

with . . . a parent or another person having legal custody of such individual or individuals . . . ." 42 U.S.C. § 3602(k)(1).

In 1995, Congress passed amendments to the FHA that broadened opportunities for adult communities through the Housing for Older Persons Act (HOPA), 42 U.S.C. § 3607. Recognizing "the particular needs of older people to live among their peers in age-restricted communities," H.R. Rep. No. 104-9, at 3 (1995), Congress specifically exempted housing communities that qualify as "housing for older persons" from the provisions of the FHA regarding familial status. 42 U.S.C. § 3607. The private club exemption contained in 42 U.S.C. § 3607(b) provides in relevant part:

> (1) Nothing in this title limits the applicability of any reasonable local, State, or Federal restrictions regarding the maximum number of occupants permitted to occupy a dwelling. Nor does any provision in this title regarding familial status apply with respect to housing for older persons.
>
> (2) As used in this section, "housing for older persons" means housing—
>
> . . . .
>
> (C) intended and operated for occupancy by persons 55 years of age or older, and—

14

> (i) at least 80 percent of the occupied units are occupied by at least one person who is 55 years of age or older;
>
> . . . .

[42 U.S.C. § 3607(b).]

Communities claiming the exemption must establish age verification procedures. 24 C.F.R. § 100.307. Holiday City argues that its restriction on who can buy property in the community is one of the means of showing that this is an age restricted community.

Berkeley Township has an ordinance addressing planned residential retirement communities, defining them as a community where

> the land shall be restricted by bylaws, rules, regulations and restrictions of record, and services for the benefit of permanent residents of communities which require that residents comply with the provisions, stipulations and restrictions regarding senior communities allowing occupancy of units by persons [fifty-five] years of age or older, as contained in the Federal Fair Housing Act, as amended in 1988.
>
> [Township of Berkeley, N.J. Ordinance, ch. 35, art. XI, § 101.1. (emphasis added).]

In these appeals, Berkeley supports Holiday City's argument that only persons fifty-five or older can own or occupy a unit within Holiday City.

Under LAD, it is considered a discriminatory practice:

15

[f]or the owner, lessee, sublessee, assignee or managing agent of, or other person having the right of ownership or possession of or the right to sell, rent, lease, assign, or sublease any real property or part or portion thereof, or any agent or employee of any of these:

> (1) To refuse to sell, rent, lease, assign, or sublease or otherwise to deny to or withhold from any person or group of persons any real property or part or portion thereof because of race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, pregnancy or breastfeeding, sex, gender identity or expression, affectional or sexual orientation, familial status, disability, liability for service in the Armed Forces of the United States, nationality, or source of lawful income used for rental or mortgage payments;

[N.J.S.A. 10:5-12(g)(1) (emphasis added).]

The Division on Civil Rights (DCR) recently promulgated a regulation addressing familial status discrimination. Under that regulation:

> (a) The provisions regarding familial status in the Law Against Discrimination do not apply to housing that satisfies the requirements of N.J.A.C. 13:15-1.3, 1.4, or 1.5 [age-restricted communities]. Nothing in the requirements of N.J.A.C. 13:15-1.3, 1.4 or 1.5 shall be construed to restrict the age of any purchaser or grantee of housing who does not reside in, or intend to reside in, such housing.

[N.J.A.C. 13:15-1.2(a).]

In explaining the amendment of these regulations, the DCR wrote:

16

> DCR agrees that the LAD's definitions of housing for older persons address only the ages of the occupants of any housing, and do not address the ages of the non-occupant owners of such housing. Accordingly, as adopted, DCR has added clarifying language to N.J.A.C. 13:15-1.2(a) to prevent any inaccurate interpretation of the LAD or the rule.
>
> [51 N.J.R. 216(a) (2019).]

The regulation was adopted after defendant purchased the property and after this complaint was filed.

"An issue is considered 'moot when our decision . . . can have no practical effect on the existing controversy.'" Wisniewski v. Murphy, 454 N.J. Super. 508, 518 (App. Div. 2018) (citations omitted). Mootness may occur because the controversy lacked "concreteness from the outset" or it may result "by reason of developments subsequent to the filing of suit . . . ." Ibid. (quoting State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016)). We do not "resolve issues that have become moot due to the passage of time or intervening events." Ibid.

There are limited instances when we might choose to resolve an issue that is moot. We may elect to do so "where the underlying issue is one of substantial importance, likely to reoccur but capable of evading review." Ibid. (quoting Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996)). We may also do so where there is "an important matter of public interest." Ibid. (citing Reilly v.

17

AAA Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 484 (2008)). In such cases, "there must be an 'issue of great public importance compelling definitive resolution despite mootness[.]'" Ibid. (alteration in original) (quoting Oxfeld v. N.J. State Bd. of Educ., 68 N.J. 301, 303 (1975)).

The parties seek a ruling about whether defendant can own property within Holiday City in light of its governing documents, but the issue is moot. Defendant no longer owns either of the properties in Holiday City. He now is fifty-five years of age or older, and the restriction on his ownership of property in this development cannot reoccur. Although the parties might argue the issues raised here are of public importance, we decline the opportunity to decide them because we do not know what the parties will do considering the DCR's regulation. None of the parties has addressed familial status discrimination; it is that which is listed in the FHA and other statutes, not "age." None of the parties addressed the constitutional issues involving the inability to alienate property. We are mindful other communities may be affected. Considering these concerns, we decline to address the ownership issue, which is moot between the present parties.

That said, we affirm the trial court's order denying attorney's fees and costs to Holiday City. The assessment of attorney's fees is an issue left to the

18

sound discretion of the trial court. <u>Tannen v. Tannen</u>, 416 N.J. Super. 248, 285 (App. Div. 2010). It is reviewed under an abuse of discretion standard. <u>Packard-Bamberger & Co. v. Collier</u>, 167 N.J. 427, 443-44 (2001). An award of fees, generally, is not disturbed unless the award was "so wide of the mark as to constitute a mistaken exercise of discretion." <u>Chestone v. Chestone</u>, 322 N.J. Super. 250, 258 (App. Div. 1999). "[A]buse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." <u>Masone v. Levine</u>, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing <u>Flagg v. Essex Cnty. Prosecutor</u>, 171 N.J. 561, 571 (2002)).

In this case, the trial court declined to award attorney's fees to Holiday City. The issues raised in this litigation were not frivolous. Although moot in this context, it does not appear the issues have been resolved previously. Holiday City failed to send the required notice to defendant that it would consider his defenses to be frivolous. Holiday City never argued that $20,000 in fees was reasonable to collect for $1200 in past due assessments. Thus, we find no abuse of discretion by the trial court in its order denying attorney's fees.

The August 1, 2019 order denying attorney's fees is affirmed. The appeals otherwise are dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19